UNITED STATES DISTRICT COURT			C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
RACCA NELSON,

                Petitioner,      **MEMORANDUM DECISION AND ORDER**

      - against -

                             14-cv-7015 (BMC)

ADA PEREZ,

                Respondent.

---------------------------------------------------------- X

**COGAN**, District Judge.

      Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his state court conviction on one count of second degree murder and two counts of attempted second degree murder. The facts will be set forth below as they relate to each of petitioner's points of error, but to summarize, petitioner shot one person to death, Eddie Toledo, and wounded two others, Lonnie Jennett and Steven Ortiz, in a turf battle for control of a particular street corner on which both petitioner and Jennett wanted to sell drugs. Petitioner fled after the shooting and was not apprehended for two years.

      Petitioner was sentenced to 25 years on the murder count and 20 years on each of the attempted murder counts, each to run consecutively for a total of 65 years. The Appellate Division modified the sentence on direct appeal so that the sentences on the attempted murder counts would run concurrently with each other, although still consecutively to the sentence on the murder count, for a total of 45 years. People v. Nelson, 112 A.D.3d 744, 976 N.Y.S.2d 224 (2nd Dep't 2013), leave to app. denied, 22 N.Y.3d 1140, 983 N.Y.S.2d 499 (2014) (table).

      Petitioner raises four points of error in his habeas corpus petition: (1) there was insufficient evidence of intent to kill to sustain the convictions; (2) the trial court improperly admitted certain written notes and entries by petitioner that tended to show consciousness of

guilt; (3) trial counsel was constitutionally ineffective for failing to object to the prosecutor's summation; and (4) the trial court abused its discretion in sentencing him to consecutive sentences on the murder and attempted murder counts. As shown below, each of these points is either procedurally barred or without merit, and the petition is accordingly denied.

## I. Sufficiency of the Evidence

The Appellate Division rejected plaintiff's claim as to the sufficiency of the evidence, holding that the claim was "unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." Id. at 745, 976 N.Y.S.2d at 225 (citations omitted). Petitioner had conceded on direct appeal that his claim was unpreserved, but had asked the Court to reach it under its "interest of justice" jurisdiction.

Petitioner's concession, and the Appellate Division's holding, that this claim was "unpreserved for appellate review" erects a procedural bar prohibiting review in this Court. A federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is independent of the federal question and adequate to support the judgment." Lee v. Kemna, 534 U.S. 362, 375 (2002) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)) (emphasis omitted). When a state court rejects a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729-30; Murden v. Artuz, 497 F.3d 178, 193 (2d Cir. 2007). State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state. Murden, 497 F.3d at 193 (quoting Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006)).

Further, if a state court rejects a specific claim on an adequate and independent state law ground, then a federal court should not review the merits of the claim, even if the state court addressed the merits of the claim in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

It is well settled that New York's contemporaneous objection rule, codified at N.Y. Crim. Proc. Law § 470.05(2), is an independent and adequate state law ground that ordinarily precludes federal habeas corpus review. See, e.g., Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011). New York's contemporaneous objection rule provides that a party seeking to preserve a claim of error at trial must lodge a protest to the objectionable ruling "at the time of such ruling . . . or at any subsequent time when the [trial] court had an opportunity of effectively changing the same." N.Y. Crim. Proc. Law § 470.05(2). This rule has been interpreted by the New York courts to require, "at the very least, that any matter which a party wishes" to preserve for appellate review be "brought to the attention of the trial court at a time and in a way that gave [it] the opportunity to remedy the problem and thereby avert reversible error." People v. Luperon, 85 N.Y.2d 71, 78, 623 N.Y.S.2d 735, 739 (1995); see also People v. Hicks, 6 N.Y.3d 737, 810 N.Y.S.2d 396 (2005).

Once it is determined that a claim is procedurally barred under state procedural rules, however, a federal court may still review such a claim on the merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. See

3

Coleman, 501 U.S. at 750; Harris, 489 U.S. at 262. The latter avenue, a miscarriage of justice, is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

The first avenue, cause for the default and prejudice therefrom, can be demonstrated with "a showing that … the procedural default is the result of ineffective assistance of counsel." Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (quoting Murray, 477 U.S. at 488) (alteration in original). However, the ineffective assistance claim must itself have been exhausted in the state court. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). To adequately exhaust a claim, a petitioner must have "fairly presented" the claim to the state court. Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982).

Although petitioner raised various ineffective assistance of trial counsel claims, either on direct appeal or in his C.P.L. §440.10 proceeding, he never contended that his trial counsel was ineffective for failing to preserve the point that the evidence was not sufficient to show intent to kill. He therefore cannot rely on ineffective assistance of counsel to avoid the procedural bar. See Edwards, 529 U.S. at 451-52.

Nor is there any miscarriage of justice in applying the procedural bar. One reason petitioner's counsel on direct appeal may not have raised ineffective assistance of trial counsel as to this claim was because her argument was directed almost entirely to her associated point that the verdict was against the weight of the evidence, an issue which is not reviewable on federal habeas corpus review. See Mobley v. Kirkpatrick, 778 F. Supp. 2d 291, 311 (W.D.N.Y. 2011) ("Federal courts routinely dismiss claims attacking a verdict as against the weight of the evidence on the basis that they are not federal constitutional issues cognizable in a habeas

4

proceeding.") (citing, *inter alia*, Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence. . . .")); Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) ("A weight of the evidence argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles. . . . Accordingly, the Court is precluded from considering the claim.") (internal quotation marks and citations omitted).

That, in turn, may have been because the evidence clearly presented a jury issue. Ortiz and Jennett both testified that they had seen petitioner with a gun during the shooting. Ortiz testified that petitioner said to Jennett, after being unable to persuade him to yield the street corner, "We might as well go to war," and petitioner started firing the gun shortly after that. Ortiz also testified that petitioner ran from the scene after the shooting, and the evidence showed that petitioner never returned to his home afterwards. Ballistics evidence showed that five shots had been directed towards Toledo, Ortiz and Jennett at close range.

It is true that Ortiz and Jennett had credibility issues as drug dealers or users (as did petitioner, for the same reason) and that there were points that arguably tended to negate intent to kill (the primary arguments emphasized on appeal were that Ortiz and Jennett were not hit in vital organs, which strikes me as unpersuasive in the absence of evidence that petitioner was a marksman, and that petitioner did not finish off Ortiz and Jennett when he apparently had the opportunity to do so, which seems to me beside the point), but those arguments were presented to the jury. There is no miscarriage of justice in the jury's decision to accept the prosecution's view of the evidence.

Petitioner's insufficiency claim is therefore rejected as procedurally barred.

## II. Petitioner's admissions

There were two kinds of writings that the prosecution introduced into evidence that police had recovered from the home of petitioner's girlfriend: (1) three pieces of paper with handwritten notes; and (2) a 2004 date book containing entries. It was stipulated that all of these were in petitioner's handwriting. The first paper was entitled "get low planes [arguably should be 'places']", and contained a date annotation, "starting [a]t 6-29-04." It contained a list of places and people, with a notation of how long petitioner intended to stay at or with each, respectively, in the months to come. The second paper, on one side, contained a list of fifteen cities and states and was entitled "Place to live for the next 5 year." The other side was entitled "Get Low #2," and contained a list of 14 people and places to visit.

The 2004 date book contained a number of entries on dates that turned out to be subsequent to petitioner's arrest. They appear to constitute "reminder" or planning notes, which included such entries as "go to safe put money in?"; a monthly notation for September saying "staying away or in the house," and similar statements on different days like "don't come out," ; "don't speak to friends on house phone;" and "need to find a new place to live for 18 months." In addition, one of the entries said "must save $17,500 for lawyer."[1]

Petitioner's arguments on direct appeal concerning the admission of this evidence are not entirely clear, although he generally challenged all of this evidence. As to the three pieces of paper, he treated them as included within the date book, which their exhibits numbers showed they were not, and did not mention the specifics as to any of them. As to the datebook, the only entry that he specifically addressed was the one that said, "must save $17,500 for lawyer." His primary argument was that this entry permitted the jury to draw an inference guilt from

---

[1] The third piece of paper, People's 9C, is not described in the record by either petitioner or respondent.

petitioner's intention to exercise his constitutional right to counsel. His secondary argument, mentioned briefly, was that the prosecution had failed to connect any of the datebook entries to the charged crimes.

The Appellate Division again held that these arguments were "unpreserved for appellate review," and, alternatively, without merit. Nelson, 112 A.D.3d at 745, 976 N.Y.S.2d at 225. Having reviewed the record, I see nothing exorbitant about the procedural bar ruling. See Fulton v. Graham, 802 F.3d 257, 262 (2d Cir. 2015) (there are "exceptional case[s]," in which the "'exorbitant application of a generally sound rule renders the state ground inadequate' and will not prevent a federal court's consideration of the federal question presented", quoting Lee, 534 U.S. at 376). Trial counsel never made the constitutional argument about impairment of the right to counsel that was made on appeal, nor did trial counsel raise any constitutional issue with regard to the other notations and entries. At most, he argued the "lack of connection" secondary argument that petitioner mentioned briefly on appeal, but that argument, essentially a relevance or undue prejudice argument, met none of the criteria for asserting and preserving a federal constitutional claim. Cf. Daye v. Attorney General of the State of N.Y., 696 F.2d 186 (2d Cir. 1982) (describing ways in which a state court defendant can exhaust a federal constitutional claim); United States v. Dukagjini, 326 F.3d 45, 60 (2d Cir. 2003) ("[A] defendant's claim that he was deprived of a fair trial because of the admission in evidence of a statement objectionable as hearsay would not put the court on notice that the defendant claimed a violation of his constitutional right to be confronted by his accusers.") (quoting Daye, 696 F.2d at 193).

Once again, petitioner cannot show cause and prejudice to excuse the procedural default based on ineffective assistance of counsel because he never argued to the state courts that his trial counsel was ineffective for failing to assert a federal constitutional claim. See Edwards, 529

U.S. at 451-52. And there is no miscarriage of justice considering the substantial evidence of guilt that existed independent of this written evidence.

Petitioner's point is therefore rejected as procedurally barred.

### III. Ineffective Assistance of Trial Counsel

*A. Background*

The only ineffective assistance of trial counsel claim raised in petitioner's habeas corpus petition is his counsel's failure to object to certain statements during the prosecution's closing argument. Specifically, petitioner argued that the prosecutor made the following statements in summation that were improper and denied him due process: (1) as to one of the witnesses, the prosecutor accused defense counsel, in his closing argument, of "twisting" or "flipping" the witness's testimony, suggesting that defense counsel had asked the jury to "ignore the evidence;" that counsel was "trying to make you believe something absolutely has no value whatsoever"; that counsel was only doing that because "his client is guilty"; and that the prosecutor found this "amazing"; (2) as to the ballistics evidence, the prosecutor argued that "we know that whoever it is that shot and killed Eddie Toledo . . . did so with the intent to kill" him; (3) despite evidence from one witness that the gunshots seemed to come from everywhere, the prosecutor argued that "there was no question there was one shooter; and (4) the prosecutor misstated the law petitioner "either intended to kill [Toledo], Lonnie Jennett or both. It really doesn't matter."

Petitioner conceded on direct appeal that his trial counsel had failed to preserve this alleged error, but asked the Appellate Division, first, to review it under its "interests of justice" jurisdiction or, alternatively, to find that petitioner "was denied effective assistance of counsel by defense counsel's failure to object," citing, *inter alia*, Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The Appellate Division, however, did not rule on the ineffective assistance of

trial counsel argument as a means of avoiding the procedural bar to the prosecutorial misconduct claim. It only held, once again, that the challenge to the summation was "unpreserved for appellate review", and it alternatively reached the merits of the prosecutorial misconduct claim:

> In any event, the prosecutor's comments did not deprive the defendant of a fair trial, as the challenged comments were a fair response to the defendant's attack on the credibility of the complainants, did not denigrate the defense, and were within the bounds of appropriate argument based on the evidence.

Nelson, 112 A.D.3d at 745, 976 N.Y.S.2d at 226.

Petitioner again raised ineffective assistance of counsel for failing to preserve his prosecutorial misconduct claim in his §440 motion (along with several other ineffective assistance of trial counsel claims that are not raised in his habeas corpus petition), essentially copying his challenge to the summation from his brief on direct appeal. The §440 court, under the subtitle "DEFENDANT'S CLAIMS ARE PROCEDURALLY BARRED", held:

> The Appellate Division held that the remarks in question "did not deprive defendant of a fair trial, as the challenged comments were a fair response to the defendant's attack on the credibility of the complainants, did not denigrate the defense, and were within the bounds of appropriate argument." Thus, failing to object, or make 'a motion for mistrial, with respect to those remarks, would not constitute ineffective assistance. Moreover, although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of this claim as well as the other grounds raised by Defendant in this motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him. Therefore CPL § 440.10(2)(c) would operate as a procedural bar to relief on those grounds.

People v. Nelson, No. 5127/2004 (Sup. Ct. Kings Co. Aug. 20, 2015) (citation omitted), leave to app. denied, 2016 Slip. Op. 68027 (2nd Dep't June 24, 2016), app. dismissed, 27 N.Y.3d 1137, 39 N.Y.S.3d 119 (2016) (table). The statute cited by the § 440 court, § 440.10(2)(c), requires the court to deny the motion if the issue raised in the § 440 proceeding could have been raised on direct appeal and the defendant "unjustifiably fail[ed]" to do so.

9

*B. Analysis*

Based on the decisions of the state courts on petitioner's ineffective assistance claim, petitioner is entitled to *de novo* review in this Court. This is because: (1) petitioner exhausted the claim by raising it on direct appeal, see Abdurrahman v. Henderson, 897 F.2d 71, 73-74 (2d Cir. 1990); (2) the Appellate Division, neither expressly nor implicitly, addressed the claim, because there was no general disposition of claims that were not specifically addressed, cf. Grant v. Ricks, No. 00 Civ. 6861, 2003 WL 21847238 (E.D.N.Y. July 29, 2003) (finding claims procedurally barred where Appellate Division held that "the defendant's remaining contentions ... are unpreserved for appellate review [...], and, in any event, without merit"); Ellis v. Miller, No. 97 Civ. 7049, 1998 WL 812664, at *fn. 5 (E.D.N.Y. Aug. 3, 1998) ("The Appellate Division did not address this claim directly, and therefore it was included among petitioner's 'remaining' claims that were not preserved for appellate review"); (3) to the extent the § 440 court referenced the merits of the claim, it did so in a contrary-to-fact manner that does not constitute a merits decision for purposes of federal habeas corpus review, see Fulton v. Graham, 802 F.3d at 264-65 (2d Cir. 2015); Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007); Clark v. Perez, 510 F.3d 382, 394 (2d Cir. 2008); and (4) the § 440 court's holding that the claim was procedurally barred because petitioner had failed to raise it on direct appeal was exorbitant, and the procedural bar does not preclude review of the claim on federal habeas corpus, because contrary to the § 440 court's holding, petitioner did raise the claim on direct appeal.[2] There is, therefore, no state court decision on the merits of the ineffective assistance

---

[2] Indeed, the State never disputed in the § 440 proceeding that petitioner had raised the ineffective assistance claim on direct appeal, and never cited to the provision on which the § 440 Court relied, C.P.L. § 440.10(2)(c), which precludes relief under § 440 when a claim that could have been raised on direct appeal was not. Instead, the State argued that the Appellate Division had, "in effect," decided the ineffective assistance claim by rejecting the prosecutorial misconduct claim on the merits. As noted above, I reject this argument because ineffective assistance might have excused the procedural default that constituted the Appellate Division's primary holding, and there is no general or specific reference in the decision that could be construed as deciding the ineffective assistance claim.

10

and no valid invocation of a procedural bar. That makes the standard of review in this Court *de novo*. See Cotto v. Fischer, No. 09-cv-9813, 2012 WL 55000575, at *28 (S.D.N.Y. Aug. 23, 2012).

To prevail, petitioner must meet the two-prong test set forth in Strickland, 466 U.S. 668. The first prong requires him to show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms." Id. at 688. The court must apply a "strong presumption of competence" and "affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 196 (2011) (citation and internal quotation marks omitted). The second prong requires petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 669. "The likelihood of a different result must be substantial, not just conceivable." Harrington, 562 U.S. at 112.

An additional obstacle that petitioner faces is that in determining objective reasonableness and prejudice under Strickland, the due process clause gives considerable leeway to prosecutors in closing arguments. See United States v. Casamento, 887 F.2d 1141, 1189 (2d Cir. 1989). Even where a prosecutor has made improper comments in summation, habeas relief is not warranted unless those remarks rendered the trial, as a whole, "fundamentally unfair." Darden v. Wainwright, 477 U.S. 168, 181-83 (1986). To be entitled to habeas relief, a petitioner must show "that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict." Bentley v. Scully, 41 F.3d 818, 824 (2d Cir. 1994); see also Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (holding that habeas relief is warranted only where the prosecution's claimed

misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process").

Under the relevant authorities, this Court cannot find that the prosecutor's summation denied petitioner his right to a fair trial. The closing argument was just that – argument. Virtually all of the comments which petitioner attacks were responsive to his counsel's closing argument. Every statement advocating an inference was supported by the evidence, and although the prosecutor may have exceeded permissible grounds in one or two statements referencing her own reaction to the evidence, these fleeting statements in no way undermined petitioner's right to a fair trial. I therefore cannot find that petitioner suffered any prejudice under Strickland by reason of his counsel's failure to object to those comments.

Accordingly, petitioner has failed to demonstrate ineffective assistance of trial counsel.

  *C.* Sentencing Error

The final point of error that petitioner raises in his habeas corpus petition is that the state courts erred in giving him consecutive sentences, even after the Appellate Division modified his sentence so that the attempted murder counts ran concurrently rather than consecutively. This point must be rejected because there is no dispute that the sentence was permitted under state law. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Moreover, I see nothing excessive under Supreme Court authority about this sentence for someone who shot one person to death and wounded two others as part of seeking to advance his illegal drug trade.

**CONCLUSION**

The petition is denied and the case is dismissed. The Clerk is directed to enter judgment against petitioner. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c).

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                _____
                                                                                      U.S.D.J.

Dated:  Brooklyn, New York
         March 2, 2018